IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 23-12611 (AMC) |
| | ) | |
| GARNET VALENTINE IRVING | ) | Chapter 13 |
| | ) | |
| | ) | |
| | ) | **OBJECTION TO CONFIRMATION** |
| | ) | |
| | ) | |

Credit Acceptance Corporation ("Credit Acceptance"), a secured creditor of the Debtor,

objects to the Debtor's plan for the following reasons:

A.   The Debtors' proposed interest rate for the **2010 Toyota Avalon** is too low.

Credit Acceptance is entitled to be paid the prime rate of interest plus an increase for

risk of loss.  In Re Till.  The prime interest rate at the time of the Debtors' filing was

8.5%.  Credit Acceptance objects to the Debtor's Plan unless the Debtor pays an

interest rate of 10.0% on the $10,663.53 over the life of the plan (60 months) in order

to adequately protect Credit Acceptance for any risk of loss.

B.  The plan as proposed also violates §1326(a)(1) since it does not provide for payment

to Credit Acceptance of adequate protection payments.  Adequate protection

payments should be made to Credit Acceptance beginning in September of 2023 at

$125.00 per month, being 1.0% of the vehicle value.  Payments should be made

within 30 days of filing and should continue up to and after confirmation, until

regular payments are to be commenced through the plan to Credit Acceptance.

Adequate protection payments to Credit Acceptance should be given super priority

1   administrative expense status and in all events must be paid prior to payment of any

2   counsel fees to Debtor's attorney.

3   C.  The vehicle must be insured with comprehensive and collision insurance coverage

4

5   and liability coverage in accordance with the requirements contained in the contract.

6   Credit Acceptance Corporation must be listed as loss payee or additional insured. **The**

7   **Debtor must provide Credit Acceptance with proof that the vehicle is insured in**

8

9   **accordance with §1326(a)(4) and this portion of the objection to confirmation**

10  **should be considered a demand that the Debtor provide proof of insurance**.

11  D.  Credit Acceptance must retain its lien on the vehicle until such time that the Debtor

12  completes his Chapter 13 Plan *and* receives a discharge.

13

14

15  /s/ William E. Craig
    William E. Craig, attorney for
16  Credit Acceptance Corporation

17

18  Dated: 12/15/23

19

20

21

22

23

24

25

26

27

28

29