IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| In re: ) | |
| GARNET VALENTINE IRVING ) | |
|    **Debtor(s)** ) | CHAPTER 13 |
| ) | |
| CREDIT ACCEPTANCE CORPORATION ) | Case No.: 23-12611 (AMC) |
|    **Moving Party** ) | |
| ) | |
|    v. ) | |
| ) | 11 U.S.C. 362 |
| GARNET VALENTINE IRVING ) | |
|    **Respondent(s)** ) | |
| ) | |
| SCOTT F. WATERMAN ) | |
|    **Trustee** ) | |
| ) | |

**STIPULATION OF SETTLEMENT OF MOTION FOR RELIEF FROM STAY AND OBJECTION TO CONFIRMATION**

     This matter having been brought before the Court on a Motion For Relief From Stay and an Objection To Confirmation filed by William E. Craig, Esquire, attorney for Credit Acceptance Corporation ("Credit Acceptance"), and the Debtor through his counsel, Michael Assad, Esquire and the parties having resolved said matters as hereinafter set forth and by the agreement of all counsel the parties hereby stipulate;

     **IT IS STIPULATED:**

1. That Credit Acceptance is the holder of a first purchase money security interest encumbering a 2010 Toyota Avalon bearing vehicle identification number 4T1BK3DB5AU355297.

2. That the Debtor agrees to pay Credit Acceptance the replacement value of the vehicle of $10,663.53 (the net loan balance) plus interest at the rate of 10.0% through his Bankruptcy Plan.  The total secured amount to be paid to Credit Acceptance over sixty (60) months shall be **$13,594.11**.

3. That the Debtor agrees to allow the Chapter 13 trustee to make a lump sum adequate protection payment to Credit Acceptance in the amount of $600.00 through December 2023, and thereafter, each month, commencing January 2024, make monthly adequate protection payments to Credit Acceptance in the amount of $125.00 up to and after confirmation and normal distributions begin to be paid to Credit Acceptance.   Thereafter, the Trustee shall make the payments to Credit

Acceptance as provided for by the confirmed plan.  <u>The Debtor shall receive a credit for all adequate protection payments made against the total amount to be received by Credit Acceptance through the plan</u>.

4. That Credit Acceptance shall retain its lien on the vehicle until the earlier of payment of the underlying debt under non-bankruptcy law or the Debtor receiving a discharge.

5. That if the Debtor's Chapter 13 case dismisses or converts this Stipulation shall be vacated and the Debtor shall owe Credit Acceptance the full amount of the existing contractual loan balance **less** any payments Credit Acceptance receives under this agreement.

6. That commencing January 2024, if the Debtor fails to make any payment to the Chapter 13 Trustee within thirty (30) days after it falls due, Credit Acceptance may send, via electronic and regular mail, the Debtor and counsel a written notice of default of this Stipulation.  If the default is not cured within ten (10) days of the date of the notice, counsel may file a Certification of Default with the Court and serve it on all interested parties, and the Court shall enter an Order granting relief from the automatic stay.

7. That the Debtor must maintain insurance on the vehicle.  The vehicle must have full comprehensive and collision coverage with deductibles not exceeding $500.00 each.  Credit Acceptance Corporation must be listed as loss payee.  If the Debtor fails to maintain valid insurance, Credit Acceptance may send, via electronic and regular mail, the Debtors and counsel a written notice of default of this Stipulation.  If the default is not cured within ten (10) days of the date of the notice, counsel may file a Certification of Default with the Court and serve it on all interested parties, and the Court shall enter an Order granting relief from the automatic stay.

8. That the parties agree that a facsimile signature shall be considered an original signature.

We hereby agree to the form and entry of this Order:

/s/ Michael I. Assad
Michael Assad, Esquire
Attorney for the Debtor

/s/ William E. Craig
William E. Craig, Esquire
Attorney for Credit Acceptance Corporation

/s/ Ann E. Swartz
Ann E. Swartz
For Scott Waterman
Chapter 13 Trustee